## IN THE COURT OF APPEALS OF IOWA

No. 15-0361
Filed February 24, 2016

**ASA WINTERS,**
　　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　　Respondent-Appellee.
_____

Appeal from the Iowa District Court for Black Hawk County, Bradley J. Harris, Judge.

Asa Winters appeals the district court's denial of his requests for postconviction relief following his 2010 conviction for robbery in the first degree and 2011 convictions for robbery in the first degree, willful injury, and intimidation with a dangerous weapon. **AFFIRMED.**

John J. Bishop, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., Doyle, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**SCOTT, Senior Judge.**

Applicant Asa Winters appeals the district court's order denying his requests for postconviction relief following his 2010 conviction for robbery in the first degree and 2011 convictions for robbery in the first degree, willful injury, and intimidation with a dangerous weapon. Winters asserts the district court erred in rejecting his claim of ineffective assistance of counsel. We conclude the district court properly denied his requests for postconviction relief and affirm.

## I.    Background Facts and Proceedings

The facts underlying Winters's convictions were summarized previously in opinions by this court as follows:

> On December 23, 2009, three men robbed [the Broadway Liquor Store]. Two men wearing masks, black stocking caps, black pants, and dark hooded coats or sweatshirts ran into the store. The taller of them had a handgun and ordered the clerk at the cash register to get down on the ground. The shorter man was wearing blue plastic exam gloves. After the clerk opened the cash register, both robbers grabbed money from the cash drawer, then fled. The robbery was caught on several security cameras in the store. When the manager of the store [Ijaz Haq], who was not present during the robbery, viewed the videos of the robbery, he told police he recognized the larger robber from his physique and his eyes as a regular customer, but he didn't know his name. The clerk and another man who was in the store during the robbery both said they did not recognize the robbers.

*State v. Winters (Winters I)*, No. 10-1665, 2011 WL 5387293, at *1 (Iowa Ct. App. Nov. 9, 2011).

> In the early morning hours of December 29, 2009, Waqar Ahmad was stocking shelves at the East Fourth Liquor Store in Waterloo, Iowa. The store was equipped with video surveillance and the following described robbery was captured on videotape. Three men entered the store. Ahmad described one of the men as having "light skin," five feet, seven inches tall, and armed with a handgun. Another man was "tall and skinny" and he was armed with a "long gun." A third man entered the store, jumped over the counter, went

to the cash register, physically removed it from the counter, and ran out of the store with it, followed by the other two men.

When the men entered the store, one of them yelled at Ahmad not to move. Ahmad put his hands up and when he did so, the man holding the handgun shot him. Ahmad recognized the man who shot him as a regular customer in the store.

*State v. Winters (Winters II)*, No. 11-1893, 2012 WL 5954593, at *1 (Iowa Ct. App. Nov. 29, 2012) (footnotes omitted).

On December 31, the manager [of the Broadway Liquor Store, Ijaz Haq,] saw one of the men he believed was one of the robbers in the store. He called the police. When they arrived they detained the man in the store, the defendant, who was outside the store, and another man in a vehicle outside the store. When the police searched the vehicle, they found a number of items consistent with the robbery: a .38 caliber handgun, a partial box of blue plastic exam gloves, a face mask, a black stocking cap, and a pair of black pants.

The store manager [Ijaz Haq] viewed sets of photos and identified the defendant as the man who had the gun during the robbery.

*Winters I*, 2011 WL 5387293, at *1.

Winters was convicted of robbery in the first degree for the December 23, 2009 robbery; he was also convicted of robbery in the first degree, willful injury, and intimidation with a dangerous weapon for the December 29, 2009 robbery. Both convictions were appealed and subsequently affirmed by this court. *See id.* at *3; *Winters II*, 2012 WL 5954593, at *3. Winters then filed applications for postconviction relief with regard to both convictions, which the district court denied on February 17, 2015.

Winters now appeals the order denying his applications for postconviction relief, contending that his trial counsel failed to attack the credibility of a testifying

witness in both trials, Baron Booker, who was an accomplice in both robberies. Specifically, Winters argues his trial counsel failed to perform an essential duty by failing to raise Booker's prior inconsistent statements regarding the identity of the persons who served as his accomplices in the two robberies.

## II.     Scope and Standard of Review

In order to prove an ineffective-assistance-of-counsel claim, an appellant must show by a preponderance of the evidence that counsel (1) failed to perform an essential duty and (2) prejudice resulted. *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012). We can resolve ineffective-assistance claims under either prong. *State v. Ambrose*, 861 N.W.2d 550, 556 (Iowa 2015). We review ineffective-assistance claims de novo. *State v. Finney*, 834 N.W.2d 46, 49 (Iowa 2013).

## III.     Ineffective Assistance of Counsel

Under the first prong—whether the trial counsel failed to perform an essential duty—"we measure counsel's performance against the standard of a reasonably competent practitioner." *Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015) (citation omitted). Counsel is entitled to a presumption that the duties were competently performed, and Winters bears the burden to rebut this presumption by a preponderance of the evidence. *See id.* We "avoid second-guessing and hindsight" and "scrutinize each claim in light of the totality of the circumstances." *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001).

Winters's contention that his trial counsel failed to perform an essential duty rests upon statements made by Booker during initial interviews with the police. Winters states that during those interviews Booker specifically denied

Winters's involvement in the robberies and, instead, implicated two other unidentified persons from Chicago. Winters concludes that his trial counsel wholly failed to raise this initial identification by Booker in the first trial and inadequately raised it in the second trial, each of which constitutes ineffective assistance of counsel.

As summarized in this court's previous opinions, Booker testified against Winters in both trials. *See Winters II*, 2012 WL 5954593, at *2; *Winters I*, 2011 WL 5387293, at *1. In both trials, Booker was then cross-examined by Winters's trial counsel. In both trials, Winters's trial counsel questioned Booker regarding his criminal history. In the second trial, Winters's trial counsel questioned Booker about the favorable sentence reduction Booker received in exchange for his cooperation with the prosecution. Winters's trial counsel also explicitly addressed Booker's inconsistent statements to the police regarding the identity of his accomplices and elicited an agreement from Booker that he was willing to lie when he considered it advantageous to do so. That Winters's trial counsel did not, as part of his trial strategy, raise Booker's inconsistent statement in a specific or more exhaustive way does not constitute a failure of an essential duty. *See State v. Brubaker*, 805 N.W.2d 164, 174 (Iowa 2011) ("Miscalculated trial strategies and mere mistakes in judgment normally do not rise to the level of ineffective assistance of counsel.").

Even assuming, arguendo, Winters could show his trial counsel breached an essential duty, he has failed to demonstrate the likelihood of prejudice required to obtain relief. Reversal is warranted only where both breach and prejudice are shown. *Dempsey*, 860 N.W.2d at 868. "To establish prejudice in

the context of an ineffective-assistance-of-counsel claim, a defendant must show a reasonable probability that the result of the trial would have been different." *Ambrose*, 861 N.W.2d at 557. "The likelihood of a different result must be substantial, not just conceivable," and must be "sufficient to undermine confidence in the outcome." *Id.*

The evidence presented at Winters's trials included—in addition to Booker's testimony—the identification of Winters by the Broadway Liquor Store manager, the respective security videos of the robberies, and several items consistent with the robberies that were recovered from the vehicle searched at the time defendant was detained by the police. *See Winters II*, 2012 WL 5954593, at *2-3; *Winters I*, 2011 WL 5387293, at *3. Moreover, Winters's trial counsel cross-examined Booker in both instances, including attacks on his credibility based upon his criminal record and plea deal with the prosecution. Because Winters falls short of showing a reasonable probability of a different result, we affirm the district court's order denying relief.

**AFFIRMED.**